UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MELVIN KIMBRELL,

    Plaintiff,

v.

KARY BROWN and KOETTER
WOODWORKING,

    Defendants.

Case No. 09-cv-511-JPG

## **MEMORANDUM AND ORDER**

    This matter comes before the Court for purposes of case management. On July 10, 2009, Koetter Woodworking filed a notice of removal of a civil action originally filed in the Circuit Court of St. Clair County, Illinois, attempting to invoke this Court's diversity jurisdiction under 28 U.S.C. § 1332. The Court has conducted an initial review of the notice of removal, and has discovered that Defendant Koetter Woodworking has not properly invoked the Court's diversity jurisdiction.

    The Court has an independent duty to ensure that it has subject matter jurisdiction over the cases before it. *Hammes v. Aamco Transmissions, Inc.*, 33 F.3d 774, 778 (7th Cir. 1994). Pursuant to the direction of the Seventh Circuit Court of Appeals, this court undertakes a more rigorous initial review of notices of removal to ensure that jurisdiction has been properly pled. *See, e.g., America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072 (7th Cir. 1992).

    Here, Defendant has not properly pled diversity of citizenship. Federal courts have jurisdiction over a civil action between citizens of different states when more than $75,000 is in controversy. *See* 28 U.S.C. § 1332. The Seventh Circuit Court of Appeals has repeatedly stated that "allegations of *residence* are insufficient to establish diversity jurisdiction." *Held v. Held*, 137 F.3d 998, 1000 (7th Cir. 1998) (emphasis added). Consequently, a notice of removal asserting diversity

jurisdiction must allege citizenship, not residence. *See McMahon v. Bunn-O-Matic Corp.*, 150 F.3d 651, 653 (7th Cir. 1998). "It is well-settled that '[w]hen the parties allege residence but not citizenship, the court must dismiss the suit.'" *Held*, 137 F.3d at 1000 (quoting *Guaranty Nat'l Title Co. v. J.E.G. Assoc.*, 101 F.3d 57, 58 (7th Cir. 1996)). Defendant Koetter Woodworking only alleges the residences of the individuals involved in this action, not their citizenships. Therefore, it has insufficiently established diversity jurisdiction. Additionally, Defendant Koetter Woodworking has failed to allege that the amount in controversy meets the jurisdictional requirement. Finally, there is no indication in the record that Defendant Kary Brown consents to removal of this action.

In addition, although not jurisdictional in nature, Defendant Koetter Woodworking indicates that it is a corporation. But, it has failed to file the corporate disclosure required by Federal Rule of Civil Procedure 7.1.

Accordingly, the Court **ORDERS** that the defendant shall have **fifteen (15) days** from the entry of this order, in which to amend the notice of removal and correct these and *any other* jurisdictional defects. *See Tylka v. Gerber Products Co.*, 211 F.3d 445, 448 (7th Cir. 2000). If the defendant fails to do so, the Court will dismiss the action for lack of subject matter jurisdiction. The Court further **ORDERS** that the defendant shall have **fifteen (15) days** from the entry of this order, in which to file the requisite corporate disclosure. Failure to do so may result in the striking of all present and future filings.

**IT IS SO ORDERED.**
**DATED: July 13, 2009**

                                        s/ J. Phil Gilbert
                                        **J. PHIL GILBERT**
                                        **DISTRICT JUDGE**