UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MELVIN KIMBRELL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KARY BROWN and<br>KOETTER WOODWORKING,<br><br>　　　　Defendants. | Case No. 09-cv-511-JPG |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff Melvin Kimbrell's Motion for Remand (Doc. 23). Defendant Koetter Woodworking ("Koetter") filed a Response (Doc. 29). This case is currently stayed as to Defendant Kary Brown. (*See* Doc. 32).

In his motion, Kimbrell argues that Koetter failed to timely file a proper notice of removal within thirty days of receiving the complaint and summons. *See* 28 U.S.C. § 1446(b) (2006). Koetter has actually filed two Notices of Removal (Docs. 7, 10) in this matter. Koetter filed the second notice in response to the Court's Memorandum and Order (Doc. 9) of July 13, 2009, wherein the Court ordered, *inter alia*, that Koetter correct certain jurisdictional defects (concerning diversity jurisdiction) within its original notice of removal. In other words, the second notice of removal is actually an amended version of the original notice of removal. While the initial removal was within the thirty day statutory time frame, the second "removal" was filed forty days after Koetter's receipt of the complaint and summons.

Generally, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The district courts have original jurisdiction over civil actions between citizens of different states "where the matter in controversy exceeds the sum or

value of $75,000, exclusive of costs and interests." 28 U.S.C. § 1332(a)(1).  The party invoking the Court's jurisdiction bears the burden of showing that the case is properly brought.  *McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936).

Here, the Court granted Koetter leave to amend its notice of removal within fifteen days so that diversity jurisdiction, if available, could be properly pled.  Koetter timely complied with the Court's order in its second notice of removal by properly alleging diversity jurisdiction;[1] however, this distinct notice should have been filed as an amended notice of removal.  Kimbrell would have the Court strictly hold Koetter to the name of its second filing and hold that removal was not within thirty days of the complaint and summons as prescribed by the removal statute.  This is something the Court will not do.  In his motion, Kimbrell argues that the thirty-day removal clock stopped running one day before the Court's order to Koetter to cure any jurisdictional defects.  Of course, if the Court did not think that the thirty-day clock was stopped, it would have simply remanded this matter *sua sponte* rather than grant Koetter leave to amend its notice of removal.  Kimbrell cites to no authority for his stance on this issue, and the Court can think of none to support his position.  Accordingly, the Court **DENIES** the instant motion (Doc. 23).

**IT IS SO ORDERED.**
**DATED: November 20, 2009**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**

---

[1] Contrary to Koetter's assertions in its response, diversity jurisdiction was not properly pled in the original notice of removal.  Kimbrell pled residence, not citizenship, as to Kimbrell.  Additionally, Koetter generically referred to the amount in controversy as "exceed[ing] $75,000.00, exclusive of costs and interests," (Doc. 29, p. 2), despite the requirement that a defendant who removes a case must show "to a reasonable probability that jurisdiction exists." *Gould v. Artisoft, Inc.*, 1 F.3d 544, 547 (7th Cir.1993) (*quoting Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 366 (7th Cir.1993)).