UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MELVIN KIMBRELL,<br><br>     Plaintiff,<br><br>v.<br><br>KARY BROWN and<br>KOETTER WOODWORKING,<br><br>     Defendants. | Case No. 09-cv-511-JPG |

### MEMORANDUM AND ORDER

This matter comes before the Court on Defendant Koetter Woodworking's (hereinafter "Koetter") Motion to Dismiss (Doc. 15) and Memorandum in Support Thereof (Doc. 16). Plaintiff Melvin Kimbrell (hereinafter "Kimbrell") filed a Response (Doc. 24) as well as a Motion for Hearing (Doc. 25) on the issues presented by Koetter's motion. Koetter filed a Reply (Doc. 30) to Kimbrell's filings. This case is currently stayed as to Defendant Kary Brown (hereinafter "Brown"). (*See* Doc. 32). For the following reasons, the Court, *inter alia*, **GRANTS** Koetter's motion.

### BACKGROUND

As discussed *infra*, the Court will be treating Koetter's motion to dismiss as one under Federal Rule of Civil Procedure 12(b)(5) (hereinafter "Federal Rule 12(b)(5)") for insufficient service of process.[1] Analysis under Federal Rule 12(b)(5) may include consideration of matters outside the pleadings. *See Harris v. Gland-O-Lac Co.*, 211 F.2d 238 (6th Cir. 1954) (wherein the court relied on affidavits in quashing service). "In determining whether service has been properly made [under Federal Rule 12(b)(5)], 'the facts are viewed in a light most favorable to

---

[1] This treatment merely goes to the Court's procedural understanding and analysis of the motion to dismiss. Substantive analysis remains the domain of Illinois Supreme Court Rule 103(b), as said rule serves as the basis for Koetter's motion.

the non-moving party.'" *United Consumers Club, Inc. v. Prime Time Mktg. Mgmt., Inc.*, Nos. 2:07-CV-358 JVB, 3:08-CV-60-JVB, 2009 WL 2762763, at *1 (N.D. Ind. Aug. 26, 2009) (quoting *Pike v. Decatur Mem'l Hosp.*, No. 1:04-CV-0391-JDT-TAB, 2005 WL 2100251, at *1 (S.D. Ind. Aug. 26, 2005)); *see also Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003) (discussing the standard governing a similar motion to dismiss under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction). However, a plaintiff's diligence as it relates to service of process "must be established factually, by affidavits in conformance with the rules of evidence." *Mayoral v. Williams*, 579 N.E.2d 1196, 1199 (Ill. App. Ct. 1991).

**I.  Facts**

On October 16, 2008, just two weeks before the applicable statute of limitations expired, Kimbrell filed a two-count complaint in St. Clair County against Brown and Koetter for personal injury from an automobile accident that occurred on October 30, 2006. Kimbrell was a passenger in one of the vehicles involved in the collision, and Brown drove the vehicle that purportedly caused the accident. Kimbrell contends that Brown was acting as an agent of Koetter at the time of the accident.

Despite the fact that Koetter had been located and accepted service of process at the same address in Indianapolis, Indiana, since 1959, it was not until June 5, 2009, that Kimbrell obtained a summons in order to serve Koetter. Service would be properly effectuated six days later. This was roughly eight months after the complaint's initial filing in St. Clair County. In the interim, the state court set Koetter's case for three mandatory status conferences.[2] Kimbrell appeared at

---

[2]The exact dates of these conferences were December 11, 2008, February 19, 2009, and April 23, 2009, respectively.

the first, failed to appear at the second, and appeared at the third. As explanation for the belated service, Kimbrell points to correspondence between his former attorney and defense counsel before and after the statute of limitations expired.[3] Kimbrell's attorney also cites to difficulty in locating a process server that would serve an out-of-state summons.

## II. Procedural Posture

Koetter properly removed this case to federal court on July 21, 2009, on grounds of diversity jurisdiction. (*See* Doc. 7); 28 U.S.C. § 1332 (2006). On that date, Koetter filed its answer followed by the instant motion. Upon learning of Brown's bankruptcy filing, the Court stayed all proceedings against him, including any additional briefing or ruling as to *his* motion to dismiss. (*See* Doc. 32). However, in light of *Pitts v. Unarco Industries, Inc.*, 698 F.2d 313, 314 (7th Cir. 1983), the Court ruled that Kimbrell's action against Koetter would continue absent a showing of unusual circumstances, including disposition of the instant motion to dismiss.

In its motion to dismiss, Koetter argues that Kimbrell failed to comply with Illinois Supreme Court Rule 103(b)'s (hereinafter "Illinois Rule 103(b)") requirement of reasonable diligence in effectuating process. Kimbrell responded by arguing that Koetter waived this argument by filing its answer prior to its motion or, alternatively, that Kimbrell acted with reasonable diligence in serving Koetter.

## ANALYSIS

As a preliminary matter, the Court notes that its application and analysis of Illinois Rule 103(b) is proper. "[F]ederal courts may apply state procedural rules to pre-removal conduct." *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122 (7th Cir. 2001) (wherein the Seventh

---

[3]This correspondence is chronicled in great detail *infra*.

Circuit upheld the applicability of Illinois Rule 103(b) in federal court). This understanding makes great practical sense with respect to Illinois Rule 103(b): "to hold otherwise would render the federal courts powerless to address the timeliness of service after removal." *Id.* at 1123. "In determining the validity of service prior to removal, a federal court must apply the law of the state under which the service was made . . . ."[4] *Allen v. Ferguson*, 791 F.2d 611, 616 n.8 (7th Cir. 1986). As a result, Illinois Rule 103(b) has been previously employed and addressed by federal district courts in the Seventh Circuit. *See, e.g.*, *Voogd v. Pavilion Found.*, No. 03 C 2465, 2004 WL 877996, at *2 (N.D. Ill. Apr. 23, 2004); *DeJesus v. Jeschke*, No. 02 C 1685, 2002 WL 1400532 (N.D. Ill. June 27, 2002); *Kozak v. City of Chicago*, No. 94 C 5652, 1994 WL 687591 (N.D. Ill. Dec. 7, 1994); *McKenna v. Beezy*, 130 F.R.D. 655 (N.D. Ill. 1989).

I.      **Koetter Did Not Waive Its Motion to Dismiss.**

Kimbrell first argues, under Federal Rule of Civil Procedure 12(b) (hereinafter "Federal Rule 12(b)"), that Koetter waived any argument under Illinois Rule 103(b) by filing its motion and answer contemporaneously. Federal Rule 12(b) requires that defenses thereunder, including insufficient service of process, be asserted before a responsive pleading, if allowed. However, when filed contemporaneously, courts often consider the motion to dismiss to predate the answer. *See, e.g., Contois v. State Mut. Life Assur. Co. of Worcester, Mass.*, 66 F. Supp. 76, 77 (D.C. Ill. 1945), *aff'd*, 156 F.2d 44 (7th Cir. 1946); *U.S. Fid. & Guar. Co. v. Bank of Bentonville*, 29 F. Supp. 2d 553, (D.C. Ark. 1998); *Invamed, Inc. v. Barr Labs., Inc.*, 22 F. Supp. 2d 210, 215 (S.D.N.Y. 1998); *see also Smith v. LaFollette*, No. 93-2639, 1994 WL 142877, at *10 (7th Cir.

---

[4]Put another way, Federal Rule of Civil Procedure 4(m), which concerns service of process, will not be at issue in this case. *See* Fed. R. Civ. P. 81(c)(1) ("These [federal] rules [of civil procedure] apply to a civil action *after* it is removed from a state court.") (emphasis added); *Romo*, 250 F.3d at 1122.

1994) ("courts have allowed . . . motions [to dismiss] to be brought after the answer has been filed, particularly where, as here, resolution of the motion will determine whether the lawsuit goes forward."). Meanwhile, Federal Rule of Civil Procedure 12(h) exempts the defense under Federal Rule of Civil Procedure 12(b)(6) (hereinafter "Federal Rule 12(b)(6)") for failure to state a claim upon which relief can be granted from the timing structure of Federal Rule 12(b). Fed. R. Civ. P. 12(b), (h)(2); *see, e.g., Beck v. Edward D. Jones & Co.*, 735 F. Supp. 903, 904 (C.D. Ill. 1990) ("the defense of failure to state a claim upon which relief can be granted [is] preserved from waiver; therefore, motions raising this matter may be considered by the court even when interposed after the responsive pleading has been filed . . . .").

      Here, Koetter filed its answer three minutes before its motion to dismiss, and Kimbrell contends that the order of these filings is tantamount to waiver of Koetter's motion. But, as discussed above, relevant precedent does not mandate waiver. Moreover, given that the filings were made three minutes apart, a finding of waiver would be highly inequitable. Koetter should not be subject to such a harsh result because its attorney or, more likely, its attorney's paralegal, legal assistant, or secretary uploaded filings in a slightly incorrect order. Kimbrell cites no law in support of its formalist approach, and the Court can think of none. While the Court could construe Koetter's motion as a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), *see, e.g.*, *Jordan v. Ingalls Mem'l Hosp*, No. 96 C 6692, 1997 WL 665858, at *1 (N.D. Ill. 1997), the Court will exercise its discretion in not doing so. The Court deems Koetter's motion to dismiss to predate its answer, thereby rendering said motion as timely under Federal Rule 12(b).[5] Accordingly, the Court can and will address its merits. However, first, the

---

[5]Of course, if Koetter's motion was made under Federal Rule 12(b)(6), Kimbrell's waiver argument would be defeated by the express language of Federal Rule of Civil

Court must address one more procedural issue.

**II.     Federal Rule 12(b)(5) Is the Procedural Basis for Koetter's Motion to Dismiss, Which Allows the Court to Consider Matters Outside the Pleadings.**

Substantive analysis of Illinois Rule 103(b) within the procedural bounds of Federal Rule 12(b) presents a unique issue. The parties have submitted several extrinsic documents and affidavits in support of their briefing. Under Federal Rule of Civil Procedure 12(d), if Koetter's motion is to be viewed as one to dismiss under Federal Rule 12(b)(6), the Court must either disregard those extrinsic filings or convert the motion to one for summary judgment and give the parties a reasonable opportunity to supplement.

Interestingly enough, Koetter argues that its motion is one under Federal Rule 12(b)(6) due to Illinois Rule 103(b)'s inherent policy concerns regarding applicable statutes of limitation.[6] Koetter states as follows: "The expiration of the statute of limitations is an affirmative defense and 'can be used as a basis for granting a [Federal Rule] 12(b)(6) motion. . . .'" (Doc. 30, p. 2, ¶ 3) (quoting *Chapman v. Vill. of Hinsdale*, No. 07 C 7232, 2008 WL 2557465, at *1 (N.D. Ill. June 23, 2008)). If this were true, conversion of Koetter's motion to summary judgment would be assured due to the purported importance of the extrinsic documentation. However, *Chapman* cited *Sanders v. Venture Stores, Inc.*, 56 F.3d 771, 774 (7th Cir. 1995), wherein the Seventh Circuit explained that Federal Rule 12(b)(6) dismissals on statute of limitations grounds are appropriate if "something . . . is indisputably time-barred."[7]

---

Procedure 12(h).

[6] This argument was made in response to Kimbrell's contention that Koetter had waived its motion to dismiss by filing its answer first.

[7] A statute of limitations defense is also appropriate under Federal Rule 12(b)(6) where "the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense, such as when a complaint plainly reveals that an action is untimely under the

6

Here, while analysis of Illinois Rule 103(b) will fall one way or the other, it can hardly be said that Kimbrell's claim is "indisputably time-barred." As will be seen, Illinois Rule 103(b) does not carry bright lines or finite deadlines; rather, it calls for analysis of a multi-factorial test. The Court is well-aware that Illinois Rule 103(b) was designed, in part, "to prevent the practice whereby a plaintiff could effectively circumvent the statute of limitations by filing suit and delaying or failing to have summons issued." *Luebbing v. Copley Mem'l Hosp.*, 377 N.E.2d 345, 347 (Ill. App. Ct. 1978). However, a general policy addressing limitations period concerns does not change the fact that Illinois Rule 103(b) hinges on reasonable diligence as it relates to service of process. Accordingly, the Court will be analyzing Illinois Rule 103(b) under Federal Rule 12(b)(5), not Federal Rule 12(b)(6).[8] *See, e.g., Sampson v. County of Cook*, No. 03 C 5369, 2004 WL 1879944 (N.D. Ill. 2004); *Vilchis v. Miami Univ. of Ohio*, No. 03 C 2916, 2003 WL 22239829 (N.D. Ill. Sept. 26, 2003). This analysis will include consideration of the extrinsic documentation that has been submitted to the Court. *See Harris v. Gland-O-Lac Co.*, 211 F.2d

---

governing statute of limitations." *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005). However, this cannot be considered with the case at bar; namely, the complaint gives no indication as to when service was properly effectuated or whether Kimbrell exercised reasonable diligence in effectuating service, which serves as the basis of Illinois Rule 103(b) analysis.

[8]The Court's construal avoids another issue. Koetter did not list the statute of limitations as an affirmative defense in its answer. Fed. R. Civ. P. 8(c)(1) ("In responding to a pleading a party *must* affirmatively state any avoidance or affirmative defense, including . . . [the] statute of limitations . . . .") (emphasis added). However, the statute of limitations will not be an issue under Federal Rule 12(b)(5), at least in the technical sense that Koetter argues.

Assuming *arguendo* that the Court held Federal Rule 12(b)(6) to be applicable, the Court would recognize the applicable statute of limitations as a properly pled defense in comport with Federal Rule of Civil Procedure 8(c) because the Court has ruled that Koetter's motion to dismiss preceded its answer. *See Blaney v. U.S.*, 34 F.3d 509, 512 (7th Cir. 1994). Further, "when parties argue an affirmative defense in the district court, technical failure to plead the defense is not fatal." *DeValk Lincoln Mercury, Inc. v. Ford Motor Co.*, 811 F.2d 326, 334 (7th Cir. 1987); *see also Mason v. Hunter*, 534 F.2d 822, 825 (8th Cir. 1976). Here, the parties have not even argued the issue, and Kimbrell will not be prejudiced by Koetter's "technical failure," as, again, the motion to dismiss and answer were filed mere minutes apart.

238 (6th Cir. 1954). And, again, since the Court has deemed Koetter's motion to predate its answer, the general timing requirement of Federal Rule 12(b) will not be an issue.

At last, the Court can reach the merits of Koetter's motion to dismiss.

### III. Kimbrell Failed to Exercise Reasonable Diligence in Achieving Service of Process as Required by Illinois Rule 103(b).

Illinois Rule 103(b) states, in relevant part, as follows:

> **(b) Dismissal for Lack of Diligence.** If the plaintiff fails to exercise reasonable diligence to obtain service on a defendant prior to the expiration of the applicable statute of limitations, the action as to that defendant may be dismiss without prejudice. If the failure to exercise reasonable diligence to obtain service on a defendant occurs after the expiration of the applicable statute of limitations, the dismissal shall be with prejudice . . . The dismissal may be made on the application of any party or on the court's own motion. In considering the exercise of reasonable diligence, the court shall review the totality of the circumstances . . . . .

Ill. Sup. Ct. R. 103(b). The express language of Illinois Rule 103(b) obviously does not specify a time limit within which a defendant must be served; rather, it "has an essential purpose in promoting the expeditious handling of suits by giving trial courts wide discretion to dismiss when service is not effected with reasonable diligence." *Karpiel v. LaSalle Nat'l Bank*, 255 N.E.2d 61, 63 (Ill. App. Ct. 1970). "Prevention of intentional delay in the service of summons which would postpone service for an indefinite time after a statutory period of limitations has run, was a primary reason for the passage of [Illinois] Supreme Court Rule 103(b) and its predecessors." *Id*.

Under Illinois Rule 103(b), the plaintiff holds the burden of showing reasonable diligence with respect to service of process. *Segal v. Sacco*, 555 N.E.2d 719, 720 (Ill. 1990). This is determined under an objective standard. *N. Cicero Dodge v. Victoria Feed Co.*, 503 N.E.2d 868, 870 (Ill. App. Ct. 1987). Ultimately, "[d]ismissal under [Illinois] Rule 103(b) is within the

8

sound discretion of the trial court." *Segal*, 555 N.E.2d at 720..

A trial court's determination of a plaintiff's lack of diligence is "a fact-intensive inquiry suited to balancing, not bright lines." *Hinkle v. Henderson*, 135 F.3d 521, 524 (7th Cir. 1998). Among other things, courts must weigh the following factors:

> (1) the length of time used to obtain service of process; (2) the activities of plaintiff; (3) plaintiff's knowledge of defendant's location; (4) the ease with which defendant's whereabouts could have been ascertained; (5) actual knowledge on the part of the defendant of pendency of the action as a result of ineffective service; (6) special circumstances which would affect plaintiff's efforts; and (7) actual service on defendant.

*Segal*, 555 N.E.2d at 720. Consideration of these factors must be given in light of Illinois Rule 103(b)'s aforementioned purpose. *Id.* at 721. The Court will consider each of these factors in kind.

### A. Factors to Be Considered Under Illinois Rule 103(b)

#### (1) Length of Time Used to Obtain Service of Process

Kimbrell obtained service roughly seven and a half months after the applicable statute of limitations expired, eight months after the complaint had been filed, and thirty-one and a half months after the underlying automobile accident.

#### (2) Plaintiff's Activities

Kimbrell's former attorney and Koetter's attorney did maintain contact prior to service. This is chronicled best by written correspondence that the parties submitted. In essence, upon request, counsel for Kimbrell provided Koetter with his client's medical records and a copy of the traffic report. Additionally, upon a request for demand of settlement, Kimbrell respectfully informed defense counsel that he was holding off on making a specific demand. When defense counsel informed Kimbrell's attorney that he was closing his file due to the passage of the

applicable statute of limitations, Kimbrell achieved service forty-one days thereafter. This written correspondence included five letters from Koetter's attorney and two from Kimbrell's former attorney. The letters written by Kimbrell's attorney were dated November 12, 2008, and February 10, 2009, respectively. Telephone conversations were held as well, which included mention of Kimbrell's apparent difficulty in locating a process server, as discussed *infra*.

It also should be noted that the St. Clair County circuit court set this matter for mandatory status conference three times between the filing of the complaint and execution of service on Koetter. While Kimbrell attended the first and third conferences, he failed to appear at the second.

Unlike a number of plaintiffs facing potential dismissal of their claims under Illinois Rule 103(b), Kimbrell never filed a voluntary dismissal in this case.

### (3) Plaintiff's Knowledge of Defendant's Location

Kimbrell does not dispute that he was aware of Koetter's location, which had remained the same since 1959.

### (4) Ease of Locating Defendant

As mentioned, Koetter has been found at the same location since 1959. Kimbrell cites to no difficulty in ascertaining Koetter's location. Kimbrell achieved execution of service a mere six days after the summons first issued, further indicating that Koetter was not hard to find.

### (5) Defendant's Actual Knowledge of the Action

While defense counsel's Affidavit (Doc. 30-1), states that he was unaware suit had been filed in St. Clair County circuit court, the Affidavit (Doc. 24-1, Exh. G) of Kimbrell's former attorney directly contradicts this averment. Specifically, the affidavit submitted by Kimbrell states that the parties' attorneys had "a conversation . . . advising [defense counsel] that suit had

been filed." (Doc. 24-1, Exh. G, ¶ 2). The parties' counsel also allegedly had a conversation wherein Kimbrell's attorney informed Koetter's attorney that he was having difficulty finding a process server that would serve the defendant. It is unclear whether these conversations stemmed from the same exchange. Kimbrell's former counsel also avers that Koetter's attorney requested a copy of the complaint, which was likely sent out. Defense counsel disputes that any of this ever happened.

Despite the existence of five letters from Koetter's attorney and two from Kimbrell's former attorney, practically none of the written correspondence between the parties' counsel even mentions the lawsuit. In fact, in a letter dated February 2, 2009, requesting a demand for settlement, defense counsel wrote that "[Koetter's insurer] would like to see if this case could possibly be worked out *before the filing of a lawsuit*." (Doc. 30-5, Exh. 4) (emphasis added). The only written reference to the lawsuit was in a letter sent by Kimbrell's former attorney on February 10, which listed the St. Clair County case number, 08-L-519, in the "Re:" line. (*See* Doc. 24-1, Exh. E).

The Court again notes that, in ruling on a motion to dismiss under Federal Rule 12(b)(5), "any conflicts in the affidavits [are to be] resolved in [the plaintiff's] favor, . . . ." *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1275 (7th Cir. 1997) (discussing the standard governing similar motions to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2)); *Brown v. SBC Commc'ns, Inc.*, No. 05-cv-777-JPG, 2007 WL 684133, at *10 (S.D. Ill. Mar. 1, 2007) (same). As such, the Court will assume that Kimbrell's former attorney told Koetter's attorney at least once that suit had been filed in St. Clair County. The Court will also assume that Koetter's attorney likely received the complaint prior to service. However, given the letter that Koetter's attorney wrote on February 2, this conversation and

11

receipt of the complaint would have been after said date. Put another way, defense counsel did not have notice of the lawsuit until *at least* after February 2, roughly three and a half months after the complaint had been filed.

**(6)      Special Circumstances Affecting Plaintiff's Efforts**

Attorneys for Kimbrell and Koetter maintained contact via the verbal and written correspondence discussed *supra*; however, Kimbrell does not expressly argue that such contact led him to refrain from achieving service.

In addition, Kimbrell's former counsel avers that he experienced "great difficulty" in locating a process server in Koetter's area that would serve an out-of-state summons. (Doc. 24-1, Exh. G, ¶ 5). After research, Kimbrell served Koetter by means of Express Process Service, Inc., located about two hours away from Koetter in Indianapolis, Indiana.

**(7)      Actual Service**

As mentioned, Kimbrell finally achieved execution of service on June 11, 2009, which was six days after summons first issued.

**B.      Weighing the Factors of Illinois Rule 103(b)**

Having placed the facts of this case under the lens of Illinois Rule 103(b), several factors either clearly favor or disfavor dismissal. Specifically, while the first, third, and fourth factors weigh in favor of dismissal, the fifth and seventh factors would have this case continue forward.

The second and sixth factors prove more difficult to place but may be considered jointly due to their factual relatedness. The factors, which address Kimbrell's activities as well as special circumstances occurring between the filing of the complaint and execution of service respectively, consider, *inter alia*, the contact between the parties' attorneys. While correspondence existed, it can hardly be called "continual" as Kimbrell's response alleges.

(Doc. 24, p. 5, ¶ 7). Kimbrell's former attorney only wrote two letters to defense counsel, and, in all likelihood, the parties only spoke on the telephone once. Moreover, the affidavit of Kimbrell's former attorney makes no mention that he was induced to withhold service in light of negotiations. Accordingly, as Koetter correctly points out, the instant facts are a far cry from *McRoberts v. Bridgestone Americas Holding, Inc.*, wherein an Illinois appellate court found that dismissal via Illinois Rule 103(b) was not warranted due to "constant" contact between the parties and the fact that "[plaintiff] informed [defendant's] adjuster that he would withhold service in the hope of settling the matter, and he asked the adjuster to advise if this arrangement was unacceptable." 851 N.E.2d 772, 776 (Ill. App. Ct. 2006).

Koetter also points to the notable fact that Kimbrell's case had been called for status conference three times prior to service and was repeatedly continued. Meanwhile, Kimbrell touts the fact that he found it difficult to locate a process server that would serve Koetter. While the Court must accept as true that Kimbrell indeed experienced such difficulty, the passage of several months implies a lack of diligence on Kimbrell's part in trying to find a willing process server. Having considered all of the relevant facts under the second and seventh factors, the Court finds that they weigh in Koetter's favor.

In summary, only the fifth and seventh factors would have this case continue onward. While the fifth factor, which concerns Koetter's actual knowledge of the lawsuit, carries significance, "actual notice or knowledge of the lawsuit along with a lack of prejudice to the defendant will not necessarily preclude a dismissal under [Illinois] Rule 103(b)." *See Womick v. Jackson County Nursing Home*, 561 N.E.2d 25, 27 (Ill. 1990). The *Womick* Court made clear that notice of dismissal and the avoidance of any prejudice thereby is just another factor to be considered under Rule 103(b) analysis. Moreover, Kimbrell's argument as to notice is undercut

due to the lack of specificity regarding conversations between the parties' attorneys, leaving the Court to guess how many times they talked about the lawsuit and to what extent. And, as discussed *supra*, the absolute earliest that Koetter knew about the lawsuit was more than three and half months after the complaint's filing. Finally, although the seventh factor, which considers whether service was actually executed, has been met, its achievement occurred roughly eight months after Kimbrell filed the complaint and appears to have been spurred by a letter from Koetter's attorney rather than reasonable diligence.

After careful analysis of Illinois Rule 103(b)'s many factors, it appears to this Court that Kimbrell was not motivated by reasonable diligence. Instead, it appears that Kimbrell only took efforts to achieve service after defense counsel informed former counsel for plaintiff that he was closing his file. This was several months after the complaint had been filed. Neither Illinois Rule 103(b) nor the Court will tolerate this lack of reasonable diligence.

## CONCLUSION

For the foregoing reasons, the Court **CONSTRUES** Koetter's Motion to Dismiss (Doc. 15) as one made under Federal Rule of Civil Procedure 12(b)(5). Further, the Court **GRANTS** said motion and **DISMISSES** Koetter **with prejudice**. The Court **DENIES as moot** Kimbrell's Motion for Hearing (Doc. 25). The Clerk of Court shall enter judgment accordingly at the close of this case.

**IT IS SO ORDERED.**
**DATED: December 17, 2009**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**