UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

MELVIN KIMBRELL,

    Plaintiff,

v.

KARY BROWN,

    Defendant.

Case No. 09-cv-511-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on its own initiative for purposes of case management.

During the telephone status conference of January 7, 2011, Plaintiff Melvin Kimbrell and Defendant Kary Brown advised the Court that Brown is no longer in bankruptcy and that the corresponding automatic stay has been lifted.  While it would therefore appear that this case could move forward, the Court notes that Kimbrell's appeal of the dismissal of Defendant Koetter Woodworking remains ongoing.  "Generally, a party's filing of a notice of appeal divests the district court of jurisdiction over those aspects of the case involved in the appeal."  *Aaron v. Mahl*, 550 F.3d 659, 667 (7th Cir. 2008).  One of the few circumstances in which the district court can act is "if the order being appealed or the proceeding before the district court is a discrete matter ancillary to the issues under consideration in the other court."  *May v. Sheahan*, 226 F.3d 876, 879 (7th Cir. 2000).  This exceptional circumstance is obviously not present in this case, as the meritoriousness of Kimbrell's appeal should have substantive bearing on the pending Motion to Dismiss (Doc. 19) by Brown.

Put simply, the Court does not have jurisdiction to act in this case until the Seventh Circuit Court of Appeals decides the ongoing appeal.  With that said, the Court **ORDERS**

Kimbrell to file his response to Brown's motion to dismiss no later than fourteen (14) days after this Court enters the Seventh Circuit's eventual mandate.  In said response, Kimbrell may expand upon his contention that his case against Brown was void *ab initio*.  Brown shall file his reply, if any, within fourteen days of service of Kimbrell's response.

**IT IS SO ORDERED.**
**DATED: January 10, 2011**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**