IN UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| MELVIN KIMBRELL | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | Case No. 3:09-cv-00511-JPG-DGW |
| v. | ) | |
| KARY BROWN | ) | |
| Defendant. | ) | |

consolidated with

| MELVIN KIMBRELL | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | Case No. 3:10-cv-01018-JPG-DGW |
| v. | ) | |
| KARY BROWN | ) | |
| Defendant. | ) | |

MEMORANDUM & ORDER

This matter comes before the Court on Defendant's two motions to dismiss. (Case No. 3:09-cv-511, Doc. 19) (Case No. 3:10-cv-1018, Doc. 21). The Plaintiff has filed responses to both of these motions. (Case No. 3:09-cv-00511, Doc. 66) (Case No. 3:10-cv-1018, Doc. 23). The Court addresses both motions and their responses below and for the following reasons denies the Defendant's motions to dismiss.

I.  **BACKGROUND**

Plaintiff Melvin Kimbrell was injured in a vehicular accident in St. Clair County, Illinois, on October 30, 2006. Kimbrell states the operator of the vehicle, a tractor-trailer, was Defendant Kary Brown who was working for Koetter Woodworking at the time. Plaintiff filed suit against Defendants Kary Brown and Koetter Woodworking on October 16, 2008 in Illinois state court (two weeks before

1

the statute of limitations was set to expire) and served process nine months later in July of 2009. The action was then removed to the Southern District of Illinois by the Defendants. Defendant Brown informed the court he had previously filed for bankruptcy in February of 2008. The proceedings as to Brown were therefore stayed pursuant to 11 U.S.C. §362(a)(1). Defendant Koetter Woodworking filed a motion to dismiss and argued the Plaintiff violated Illinois Supreme Court Rule 103(b) by failing to exercise due diligence in service of process. This Court agreed and Defendant Koetter Woodworking was dismissed from this action. (Case No. 3:09-cv-00511, Doc. 40). Defendant Brown filed a similar motion which is before the Court now. (Case No. 3:09-cv-00511, Doc. 19).

The Plaintiff appealed the dismissal of Defendant Koetter Woodworking to the Seventh Circuit. Upon review, the Seventh Circuit held it lacked jurisdiction because the dismissal was not a final appealable order. (Case No. 3:09-cv-00511, Doc. 64). In the briefings on the Seventh Circuit's jurisdiction, the parties argued over whether the suit against Defendant Brown was *void ab initio* or merely voidable because it was filed while Brown was in bankruptcy. The Seventh Circuit declined to decide the issue of whether it was voidable but dismissed the appeal because the claim remained "open" in the district court. (Case No. 3:09-cv-00511, Doc. 64). The Seventh Circuit also scolded the Plaintiff's maneuvering in claiming the suit was *void ab initio* and then changing his position to say it was voidable, and not revealing to the Seventh Circuit that another case had been filed against Defendant Brown. *Kimbrell v. Brown*, 651 F.3d 752, 756 (7th Cir. 2011).

The second case against Defendant Brown was filed in Illinois state court on November 3, 2010, after the bankruptcy stay was lifted on October 19, 2010. This case was filed by Kimbrell only against Defendant Brown. (Case No. 3:10-cv-01018). The Plaintiff stated the second case was filed in the event the first case against Brown was *void ab initio*. Defendant Brown filed a motion to dismiss the new case on the grounds that there was already a pending case against him on the same issues. (Case No. 3:10-cv-

01018, Doc. 21). On September 1, 2011, Judge Stiehl consolidated the two cases into the first case the Plaintiff filed. (Case No. 3:10-cv-01018, Doc. 31).

## II. ANALYSIS

a. Defendant's First Motion to Dismiss (Case No. 3:09-cv-00511)

Defendant Brown's first motion to dismiss (Doc. 19) and its supporting memorandum (Doc. 20) were filed on August 19, 2009, before there was the suggestion of bankruptcy on the record which occurred on September 9, 2009. (Doc. 32). In this first motion to dismiss, Defendant Brown made the same arguments that led to the dismissal of Defendant Koetter Woodworking. (Doc. 40). Defendant Brown argued the complaint should be dismissed under Illinois Supreme Court Rule 103(b) which allows a complaint to be dismissed without prejudice "if the plaintiff fails to exercise reasonable diligence to obtain service on a defendant prior to the expiration of the applicable statute of limitations…." If the service of process is completed after the statute of limitations has run, then the Court can dismiss the claim with prejudice. Although the Court granted a similar motion to dismiss by Defendant Koetter Woodworking, the facts here are different because the statute of limitations had not run as to Brown as he was in bankruptcy and because another complaint with proper service was filed, rendering this motion essentially moot.

The statute of limitations for personal injury in Illinois is two years or 730 days. The events creating the cause of action occurred on October 30, 2006 and the Plaintiff had 730 days from this point to file his suit. The Bankruptcy Act requires a filing of bankruptcy to act as an automatic stay to any judicial proceeding against the debtor. 11 U.S.C. §362(a) (2010). Illinois law tolls the running of the statute of limitations during the stay. *See* 735 ILL. COMP. STAT. 5/13–216 (2011); *Kimbrell*, 651 F.3d at 755. Defendant Brown entered bankruptcy for the first time on February 14, 2008 which created an automatic stay to judicial proceedings. *See* 11 U.S.C. §362(a). The bankruptcy stay lasted until June 10,

2010, or 847 days, until Defendant Brown voluntarily dismissed the proceedings. The statute of limitations was thus tolled for the 847 days. During this period, however, the Plaintiff filed his first suit against Brown and served him. Like the Seventh Circuit, this Court does not need to decide whether a suit filed during an automatic stay is *void ab initio* or voidable because the Plaintiff then filed a second suit prior to the running of the statute of limitations while the Defendant was not in bankruptcy which will be further discussed below.

When Defendant Brown filed for bankruptcy on February 14, 2008, there were 259 days remaining on the original statute of limitations. Seventy-four days after the initial bankruptcy stay was lifted, Defendant Brown filed for bankruptcy a second time on August 23, 2010. At this point, there were 185 days remaining in the original statute of limitations. The stay in the second bankruptcy was lifted on October 19, 2010 and the Plaintiff filed his second complaint on November 3, 2010, when there were 170 days remaining on the statute of limitations. Defendant Brown was served on the second action on November 15, 2010 through his wife, Janice Brown, which was both timely and before the expiration of the statute of limitations.

The Court therefore does not need to address the timeliness contentions under Illinois Supreme Court Rule 103(b) in regards to the first complaint because those arguments were mooted by the filing of a new complaint and proper service of that action within the statute of limitations. The two complaints, one with the allegation of improper service, and one where there was proper service, were then consolidated. (Case No. 3:10-cv-01018, Doc. 31). Even if the Court were to grant the motion to dismiss, it would be without prejudice under Illinois Supreme Court Rule 103(b) as the statute of limitations had not run yet. The Plaintiff could then simply re-file his suit which is essentially what has already happened. Defendant Brown's motion to dismiss (Case No. 3:09-cv-00511, Doc. 19) is denied.

4

b. Defendant's Second Motion to Dismiss (Case No. 3:10-cv-01018)

The Defendant's remaining motion to dismiss (Doc. 21) argues the matter should be dismissed because there was an identical case (referring to the original case) pending against Defendant Brown in the Southern District of Illinois. This issue is rendered moot, however, by Judge Stiehl's consolidation of the two cases into one case under case number 3:09-cv-00511. (Case No. 3:10-cv-01018, Doc. 31). There is now only one pending action against Defendant Brown and the motion is denied.

To summarize, the first motion to dismiss (Case No. 3:09-cv-00511) is denied because the Plaintiff properly filed a complaint within the applicable statute of limitations taking into account the bankruptcy proceedings and promptly served Defendant Brown in the action, regardless of whether it was the first complaint or the second complaint which have now been consolidated into one action. The second motion to dismiss (Case No. 3:10-cv-01018, Doc. 21), therefore, is also moot because there is now only one pending complaint against Defendant Brown.

### III.    Conclusion

The Court **DENIES** Defendant Kary Brown's motions to dismiss (Case No. 3:09-cv-00511); (Case No. 3:10-cv-01018, Doc. 21). Furthermore, as Plaintiff's Motion for Leave to File (Case No. 3:10-cv-01018, Doc. 28) was mooted by the Court's consolidation of the two cases, the Court **DENIES** the motion.

**IT IS SO ORDERED.**
**DATED: October 25, 2011**

                                        **S./ J. PHIL GILBERT**
                                        **J. PHIL GILBERT**
                                        **DISTRICT JUDGE**